UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAMMOTH SPECIALTY LODGING, LLC, a California limited liability company,

       Petitioner,

  v.

WE-KA-JASSA INVESTMENT FUND, LLC, a limited liability company organized under the laws of the Fort McDowell Yavapai Nation,

       Respondent.

/

NO. CIV. S-10-0864 LKK/JFM

O R D E R

Plaintiff seeks a temporary restraining order and preliminary injunction enjoining the foreclosure sale of its commercial real estate property. The foreclosure sale is set to occur on April 19, 2010. After hearing on April 16, 2010, the court denies plaintiff's motion.

////

////

## I. BACKGROUND

On October 12, 2007, defendant, a limited liability company organized pursuant to the laws of the Fort McDowell Yavapai Nation, loaned plaintiff, a real estate developer, $17.8 million dollars secured by an interest in real and personal property. Plaintiff claims that defendant wrongfully took control of its activities and prevented plaintiff from obtaining expected profits.

On December 15, 2009, defendant filed a notice of default. Plaintiff contends that it was not, and is not, in default. On March 19, 2010, defendant filed a notice of trustee's sale, setting the sale for April 19, 2010. Plaintiff appears to have made some efforts to postpone the foreclosure sale. Plaintiff also states that defendant had filed a prior notice of default in May 2008 and sent a letter to plaintiff concerning a notice of default in August 2009, but had never filed a notice of trustee sale. Defendant stated at the hearing that it did not notice a sale following the first notice of default because that notice did not concern repayment, but rather failure to comply with other terms of the settlement agreement. Defendant indicated that the notice of sale was recorded following the second notice of default because that notice of default was recorded approximately two months after repayment of the loan was due in full and plaintiff had failed to pay. On April 2, 2010, plaintiff received a letter from defendant indicating that it will not postpone the sale. Plaintiff, however, waited until April 13, 2010, four business days before the sale, to file its motion for a temporary restraining order and

preliminary injunction.

Also on April 13, 2010, plaintiff filed a motion to compel arbitration. The loan agreement states that, "Any dispute, controversy or claim arising out of or relating to this Note or any agreement entered into pursuant hereto or the performance by the parties of its or their terms shall be settled by binding arbitration . . . ." Loan Agreement § 6.23(c). This section continues to describe the process for arbitration. Id. According to the agreement, "arbitrators shall have authority to award relief under legal or equitable principles, including interim or preliminary relief . . . ." Id. Plaintiff states in its motion to compel arbitration that the claims it seeks to arbitrate are whether defendant breached the terms of the loan agreement, whether defendant violated the implied covenant of good faith and fair dealing, and whether defendant is wrongfully foreclosing upon the property at issue.

Defendant states that plaintiff has not initiated an arbitration of these claims, and that plaintiff is, and was, free to do so by filing its demand and filing fee with the American Arbitration Association.

## II. STANDARD

Fed. R. Civ. P. 65 provides authority to issue either preliminary injunctions or temporary restraining orders. The purpose of such orders is to preserve the relative positions of the parties--the status quo--until a full trial on the merits can be conducted. See University of Texas v. Camenisch, 451

3

1  U.S. 390, 395 (1981).  The limited record usually available on
2  such motions renders a final decision on the merits
3  inappropriate.  See Brown v. Chote, 411 U.S. 452, 456 (1973).
4      In general, the showing required for a temporary
5  restraining order is the same as that required for a preliminary
6  injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,
7  240 F.3d 832, 839 (9th Cir. 2001); see also Wright and Miller,
8  11A Fed. Prac. & Proc. Civ. § 2951 (2d ed.).  A plaintiff "must
9  establish that he is [1] likely to succeed on the merits, [2]
10 that he is likely to suffer irreparable harm in the absence of
11 preliminary relief, [3] that the balance of equities tips in his
12 favor, and [4] that an injunction is in the public interest."
13 Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052
14 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council,
15 ___ U.S. ___, ___, 129 S.Ct. 365, 374 (2008)).
16     A temporary restraining order, unlike a preliminary
17 injunction, may issue even where the adverse party has not
18 received notice of the motion.  However, such an order may issue
19 only if "(A) specific facts in an affidavit or a verified
20 complaint clearly show that immediate and irreparable injury,
21 loss, or damage will result to the movant before the adverse
22 party can be heard in opposition; and (B) the movant's attorney
23 certifies in writing any efforts made to give notice and the
24 reasons why it should not be required."  Fed. R. Civ. P.
25 65(b)(1).
26 ////

4

### III. ANALYSIS

Eastern District Local Rule 231(b) states that,

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Here, plaintiff was aware that defendant filed a notice of default in December 2009. It was further aware that the foreclosure sale was set for April 19, 2010 since March 19, 2010. Plaintiff admits that he could have filed this motion as early as April 2, 2010. However, plaintiff did not file the motion until four business days before the scheduled foreclosure sale. For this reason, the court concludes the delay contradicts plaintiff's allegations of irreparable injury, and plaintiff's motion is denied.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for a temporary restraining order and preliminary injunction, Dkt. No. 7, is DENIED.

IT IS SO ORDERED.

DATED: April 16, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5